UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES ALI THOMPSON,

        Petitioner,                      Case Number 02-10200-BC
                                                        Honorable David M. Lawson

v.

DAVE JAMROG,

        Respondent,
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

        The petitioner, Charles Ali Thompson, presently confined at the Southern Michigan Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, the petitioner challenges the Michigan statutory amendments that eliminated the statutory right of state prisoners to appeal a parole denial. *See* Mich. Comp. Laws § 791.234(9). The petitioner contends that this statute and the Michigan Court Rule that follows from it, *see* Mich. Ct. R. 7.104(D), violate his equal protection rights and deprive him of due process because they allow prosecutors and victims to appeal a grant of parole, but do not allow prisoners to appeal a denial of parole. The respondent asserts that the Equal Protection Clause is not implicated and the State has a rational basis for creating this statutory scheme. The Court agrees and will deny the petition for lack of merit in the ground presented.

I.

        The petitioner apparently is serving a sentence of 13 to 20 years imposed on September 28, 1978 for a conviction of possession with intent to deliver heroin; and a sentence of 30 to 120 months imposed on May 25, 1979 for breaking and entering a business with intent to commit larceny. The petitioner has submitted as an exhibit a notice of intent to conduct a parole board interview on

January 30, 2002. The petitioner apparently was denied parole subsequent to that interview and informed of that fact in a notice dated February 25, 2002. The petitioner was scheduled for a reconsideration date of February 9, 2003. Although the petitioner has not informed this Court of the outcome of any reconsideration of his parole status, for the purposes of this opinion this Court shall assume that the petitioner remains incarcerated on the basis of his 2002 parole denial or a subsequent denial.

The petitioner apparently failed to initiate any state court proceedings with regard to his claims regarding parole. The Sixth Circuit Court of Appeals has determined that a Michigan petitioner's failure to exhaust his equal protection challenge to parole procedures is excused under 28 U.S.C. § 2254(b)(1)(B)(i) because Michigan law does not provide a State corrective process for such a claim. *Jackson v. Jamrog*, 411 F.3d 615, 618 (6th Cir. 2005).

In his habeas application filed on July 26, 2002, the petitioner presented two grounds for relief. First, he contends that his Fourteenth Amendment right to equal protection under the law has been violated by the enactment of amendments to Mich. Comp. Laws § 791.234 that eliminate the statutory right of a prisoner to appeal the denial of parole, but permit the prosecutor and victims to appeal a decision to grant parole. Second, the petitioner asserts that he was deprived of due process by the same amendments.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

However, in this case, where the petitioner's claims were not adjudicated in state court, the claims cannot be evaluated under the deferential standard of the AEDPA. "When a state court has not adjudicated a claim on the merits, we review the issue de novo." *Burton v. Renico*, 391 F.3d 764, 770 (6th Cir. 2004) (citing *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003)).

A.

The petitioner's primary argument is that the new version of Mich. Comp. Laws § 791.234 violates his equal protection rights because it allows prosecutors and victims to appeal decisions of the parole board, but does not allow prisoners to appeal denials of parole. The petitioner asserts that this statute singles out prisoners for discriminatory treatment. The Sixth Circuit decided this very question in *Jackson v. Jamrog*, 411 F.3d at 616. Noting that prisoners are not a protected class and that they have no fundamental right to parole, the *Jackson* court applied a rational-basis standard of

review and held that the state statute, Mich Comp. Laws § 791.234(9), did not violate the petitioner's right to equal protection under the Fourteenth Amendment. *Id*. at 619-21.

B.

The petitioner also asserts that this statute deprived him of due process. The petitioner offers no explanation or argument to support this assertion. Assuming that the petitioner refers to a procedural due process right, this ground for relief is without merit.

A lawfully convicted person has no constitutional right to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Thus, there is no federal constitutional right to parole. *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990). "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). However, a petitioner has no constitutionally protected liberty interest in the procedural requirements of state law where the State's discretion to deny parole is broad, as it is in Michigan. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc). The petitioner's claim that he is deprived of the right to appeal his parole board decision, therefore, does not implicate due process.

III.

The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

> s/David M. Lawson
> DAVID M. LAWSON
> United States District Judge

Dated: March 29, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 29, 2006.

       s/Tracy A. Jacobs
       TRACY A. JACOBS